# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Earl Ambrose Jr.,**
**Petitioner Below, Petitioner**

**vs.)  No. 12-0723** (Berkeley County 10-C-973)

**John J. Sheeley, Administrator, Eastern Regional Jail,**
**Respondent Below, Respondent**

**FILED**

April 26, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner, Earl Ambrose Jr., by counsel, Nicholas Forrest Colvin, appeals the Circuit Court of Berkeley County's order entered on May 11, 2012, denying his petition for writ of habeas corpus. Respondent, John J. Sheeley, Administrator, Eastern Regional Jail, by counsel, Christopher C. Quasebarth, filed a response in support of the circuit court's decision. Petitioner did not file a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was convicted by a jury of third offense driving under the influence, fleeing while under the influence, second offense driving while suspended for driving under the influence, assault on a police officer, and fleeing from an officer. The court sentenced petitioner to one to three years in the penitentiary and a $3,000 fine for third offense driving under the influence, one to five years in the penitentiary for fleeing while under the influence, one year in the penitentiary and a $1,000 fine for second offense driving while suspended for driving under the influence, six months in the penitentiary for assault on an officer, and one year in the penitentiary for fleeing from an officer. The court ordered that the sentences run consecutively.

Petitioner appealed his convictions in August of 2010, and this Court refused his petition. Petitioner then filed a petition for writ of habeas corpus, arguing ineffective assistance of counsel, insufficiency of the evidence, excessive sentence, and that cumulative errors violated his right to due process.

This Court reviews appeals of circuit court orders denying habeas corpus relief under the following standard:

"In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the

1

final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syllabus point 1, *Mathena v. Haines,* 219 W. Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *State ex rel. Franklin v. McBride,* 226 W.Va. 375, 701 S.E.2d 97 (2009).

On appeal, petitioner makes two assignments of error. His first assignment of error focuses on his claim of ineffective assistance of counsel. He asserts that (1) trial counsel failed to properly vouch the record as to counsel's reasons for desiring to withdraw as counsel prior to sentencing, thereby causing the circuit court to deny that motion and depriving petitioner of a meaningful relationship with counsel at sentencing, and (2) trial counsel failed to call an expert witness at trial to rebut the claim that petitioner was intoxicated. In his second assignment of error, petitioner argues that the trial judge should have recused himself upon the petitioner's filing of a 42 U.S.C § 1983 action naming the judge as a defendant while his petition for writ of habeas corpus was pending.

In response to petitioner's first assignment of error, the State argues that petitioner failed to provide any factual basis for his claim of ineffective assistance of counsel. In any event, the State argues that petitioner's sentence was caused not by his lack of "meaningful relationship" with his counsel, but by his criminal history and his unlikelihood of rehabilitation, facts that no attorney could change. The State also argues that there was overwhelming evidence at trial that petitioner was intoxicated during the incident giving rise to his convictions. Therefore, it was not ineffective assistance of counsel for trial counsel to not call an expert witness to rebut that the petitioner was intoxicated.

Our review of the record reflects no clear error or abuse of discretion by the circuit court. Having reviewed the circuit court's "Final Order Denying Petition for Writ of Habeas Corpus" entered on May 11, 2012, we hereby adopt and incorporate the circuit court's well-reasoned findings and conclusions as to the first assignment of error raised in this appeal. The clerk is directed to attach a copy of the circuit court's order to this memorandum decision.

As to petitioner's second assignment of error, the State argues that although the record reflects that petitioner moved to disqualify the trial judge prior to the filing of petitioner's § 1983 action and the motion was denied shortly thereafter, the record does not reflect that petitioner moved for the judge's disqualification after filing the § 1983 action. Therefore, the State argues that petitioner has failed to preserve this issue for appeal. The State maintains, however, that even if this Court were to examine this issue, petitioner offers no factual support for how the judge's failure to recuse himself constitutes "plain error" under *State v. Juntilla,* 227 W.Va. 492, 711 S.E.2d 562 (2011). Petitioner admits that his federal suit was short-lived, having been summarily dismissed less than ninety (90) days after it was filed. Accordingly, we agree with the State that petitioner failed to preserve this issue for appeal, but even if he did, under the facts and record of this case, petitioner failed to demonstrate how the trial judge's failure to recuse himself from the habeas proceeding constitutes "plain error."

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** April 26, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II